ROBERT E. BIDDY v. THE STATE.

No. 7911. Decided November 28, 1923.

**1.—Bigamy—First Wife—Sufficiency of the Evidence.**

Where, upon trial of bigamy, defendant contended that the proof did not show that at the time of his marriage the last time his former wife was then living, but the record showed abundantly that said first wife was alive at the time of his last marriage, the conviction must be sustained.

**2.—Same—Divorce Law—Statutes Construed—Remarriage.**

While this court does not feel called upon to discuss the sufficiency of the divorce law, which forbids the remarriage of either party to any other person within a year from the date of the divorce, when the ground of such divorce is cruel treatment, from the standpoint of the civil law, it carrying no penalty clause and never having been extended into the criminal statutes, yet it must be held, that if either of the parties shall marry to other persons under circumstances which ordinarily would make the second of such marriages bigamous, they cannot plead in justification of such alleged bigamous marriage the existence of the decree of divorce forbidding the marriage within a year.

Appeal from the District Court of Martin. Tried below before the Honorable Chas. Gibbs.

Appeal from a conviction of bigamy; penalty, five years imprisonment in the penitentiary.

*B. Frank Haag,* for appellant.  On question of bigamous marriage, McCombs v. State, 99 S. W. Rep., 1017;  Cox v. State, 171 id., 221; Rogers v. State, 204 id., 222;  Kinney v. Tel., 222 id., 227;  Vickers v. Faubin, 224 id. 803.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.  Cited Crawford v. State, 73 Miss., 172.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Martin County of bigamy, and his punishment fixed at five years in the penitentiary.

That appellant was married on the 20th day of January 1923 to Miss Grace Ann Pettit under a regular license and by an ordained minister of the gospel, seems without dispute in this case.  It also appears without any dispute that on the 29th day of the same month in Midland County, Texas, appellant married Miss Alice Haley, the ceremony being by an ordained minister and by authority of a license in regular form and duly issued.  As we understand this record there is but one question seriously raised on behalf of the appellant, which is that the proof does not show that at the time of his marriage to Miss Haley, his former wife, Grace Pettit Biddy, was then living. An examination of the statement of facts shows that about the 5th of February 1923 appellant was at Sweetwater in Nolan County with his wife Mrs. Grace Ann Biddy.  A witness who met her and was introduced to her on that occasion testified to his so meeting the woman. He also said that he saw appellant and Mrs. Biddy together.  The woman herself told him that she had been married about two weeks. This witness testified that he had never seen Miss Haley, the woman to whom appellant was married on the 29th of January.  In addition to this a petition for the annulment of her marriage with appellant was introduced filed by Grace Ann Biddy against this appellant in Stephens County on March 13, 1923.  In our opinion these circumstances abundantly show that Grace Ann Biddy was alive at the time of appellant's marriage to Miss Haley.  Both ministers who performed the respective ceremonies uniting appellant to the two women were present and identified him and testified to the fact of their having solemnized said marriages.

The only testimony introduced on behalf of appellant was a certified copy of the decree of the court entered in a suit by Mrs. Grace Ann Biddy v. Robert E. Biddy in the District Court of Stephens County, Texas, and also the introduction of a warrant issued from Taylor County, Texas, commanding the arrest of Bob Biddy on a charge of bigamy alleged to have been committed in said County of Taylor on the 30th of January, 1923.  We are unable to appraise the weight of the testimony offered by the appellant or to conclude that

same properly presented before the court any defense. It appears to be appellant's idea that the granting of the judgment annulling the marriage of Grace Ann Biddy to this appellant on the ground that he had previously obtained a divorce from a woman named Dema Biddy within a year prior to the celebration of the marriage between himself and Grace Ann Pettit, and the further fact that the judgment of annulment seems to be based upon the proposition that the judgment of divorce referred to contained the stipulation that neither of the parties in the action for divorce should remarry within a year after the granting of same,—would in some way establish the fact that the marriage on the part of this appellant to Grace Ann Pettit on January 20, 1923, was illegal and that consequently his marriage to Miss Haley on the 29th of January would not be bigamous. The purpose of appellant in offering in evidence the warrant from Taylor County showing that he was there charged with bigamy on another date, would not seem to have any weight at all. In regard to the contention respecting the effect of the introduction in evidence of the judgment of annulment in Stephens County,—same proved nothing in this case. However, inasmuch as it is a new question in this State we observe that in our opinion the granting of a divorce to Dema Biddy from this appellant on the 6th day of January 1923   and the recital in the judgment of divorce that neither party should remarry within a year from the date of the granting of such divorce, except to each other, would be no protection in law against a charge of bigamy made against either of said parties by reason of two subsequent marriages to other persons within the year. There can be no contention but that the granting of a divorce to Dema Biddy on the 6th of January with or without the provision regarding remarriage, would be a legal divorce, and Article 482 of our Penal Code which sets out some exemptions from the application of the law of bigamy, expressly provides that the provisions of said article shall not extend to any person who has been legally divorced from the bonds of matrimony. The provisions of our civil statutes upon the subject of divorce, which forbids the remarrying of either party to any other person within a year from the date of the divorce, when the ground of such divorce is cruel treatment, carry no penalty clause and have never been extended into the criminal statutes. We do not feel called upon to discuss the sufficiency of such statute from any standpoint of civil law but do hold that if either of the parties to such divorce thereafter and within a year from the date of the granting of such divorce shall marry to other persons under circumstances which ordinarily would make the second of such marriages bigamous, they can not plead in justification of such alleged bigamous marriage the existence of the decree of divorce forbidding the marriage within a year.

The evidence in this case seems ample to support the conviction, and finding no error in the record the judgment will be affirmed.

*Affirmed.*